**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LUERETTA P. SHOOK,
Plaintiff-Appellant,

v.                                                          No. 94-2460

UNIMIN CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, Chief District Judge.
(CR-93-80)

Argued: January 29, 1996

Decided: April 22, 1996

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John West Gresham, FERGUSON, STEIN, WALLACE,
ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina,
for Appellant. P. Michelle Rippon, VAN WINKLE, BUCK, WALL,
STARNES & DAVIS, P.A., Asheville, North Carolina, for Appellee.
**ON BRIEF:** C. Margaret Errington, Rebecca A. Thorne, FERGU-
SON, STEIN, WALLACE, ADKINS, GRESHAM & SUMTER,
P.A., Charlotte, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Lueretta P. Shook sued her former employer, Appellee Unimin Corporation, claiming that the company had violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C.§§ 621-34, when it terminated her employment. The jury returned a verdict in favor of Unimin. Shook requests a new trial, contending that the district court improperly instructed the jury, erred when it ruled that Unimin had not willfully violated the ADEA, and abused its discretion when it excluded evidence concerning the behavior of her supervisor. We are unpersuaded by Shook's arguments and affirm the decision below.

I.

Prior to July 1992, Unimin Corporation operated three plants in the area of Spruce Pine, North Carolina: a clay- and mica-mining plant, a quartz-mining plant, and a crystal-mining plant. Lueretta Shook, who in July 1992 was fifty-five years old, worked for Unimin as an office administrator, performing payroll functions for the clay- and mica-mining employees, handling shipping orders for clay, and carrying out secretarial duties for the plant manager at the clay- and mica-mining facility. That month, Unimin initiated a reduction in force (RIF) by terminating its clay-mining activities, eliminating the position of plant manager at the clay- and mica-mining plant, and discharging approximately twenty employees.[1] Shook was among the employees discharged.

Shook filed suit in the United States District Court for the Western District of North Carolina, alleging that Unimin had discriminated

_____

[1] In December 1992, Unimin ceased its mica-mining activities as well, and discharged most of the remaining employees at the plant.

2

against her because of her age in violation of the ADEA. She did not contest the legitimacy of the RIF; instead, she argued that she should have been assigned new responsibilities at one of Unimin's other plants. After Shook had presented her case, the district court ruled that she had not submitted sufficient evidence of willful discrimination to warrant an award of liquidated damages pursuant to 29 U.S.C. § 626(b) ("[L]iquidated damages shall be payable only in cases of willful violations of this chapter."). The remainder of Shook's case was submitted to the jury. The jury subsequently found that age was not a determining factor in Unimin's decision to terminate Shook's employment; the district court entered judgment in favor of Unimin accordingly.

II.

A.

Shook makes numerous complaints with respect to the jury instructions provided by the trial judge and argues that we must remand the case for a new trial. She contends that the trial judge improperly (1) failed to instruct the jury to consider whether Unimin officials discriminated against her by refusing to transfer her to another position; (2) told the jury that Shook was required to prove that the RIF was a pretextual explanation for Unimin's decision to terminate her employment, even if it, the jury, believed that age was a determining factor in that decision;[2] and (3) indicated that Shook was required to prove that age was the sole determining factor in Unimin's decision to terminate her employment. She also stated a belief that the trial judge substantially deviated from the instructions he told the parties, prior to closing arguments, that he would give, thereby depriving her of the opportunity to make a closing argument consistent with the instructions actually given.

The trial judge told the jurors that the "only issue" for their consideration was this: Was Shook's age a determining factor in Unimin's decision to terminate her employment? When contemplating the answer to that ultimate question, jurors were told that they could con-

_____

[2] Shook articulated this concern in the form of two separate allegations of error.

3

sider both direct and circumstantial evidence. The judge further stated that, if Shook proved by a preponderance of the evidence "that age was a determining factor with respect to [her] termination of employment," then the jury had a "duty to find in[her] favor." The jury was also told that, if Unimin presented evidence suggesting that the decision to eliminate Shook's position and to terminate her employment was based, not upon age, but instead upon other, legitimate, non-discriminatory factors, then Shook would be required to prove by a preponderance of the evidence that Unimin's proffered explanation was merely pretextual.

When reviewing the adequacy of a trial court's instructions, we must review those instructions "as a whole," and uphold them if they "properly present the issues and the law as applicable." Smith v. University of North Carolina, 632 F.2d 316, 332 (4th Cir. 1980) (quotation omitted). Applying those principles to the case at bar, we find that the instructions provided by the district court were indeed adequate.

Contrary to Shook's contention, the district court repeatedly stated that the jury's task was to determine whether age was a determining factor--not the determining factor--in Unimin's decision to terminate Shook's employment. The jury was also told--seven times, by our count--to consider whether Unimin's explanation for its actions was the true reason both for eliminating Shook's position and for discharging her. The jury was therefore directed with sufficient clarity to consider the possibility that, while the RIF may very well have been the true reason for the company's decision to eliminate Shook's position at the clay- and mica-mining plant, it was not the true reason for its decision to discharge her, rather than to transfer her to another position. We also believe that, when read as a whole, the district court's instructions made clear that, regardless of whether Unimin articulated a non-discriminatory reason for its actions, Shook was to prevail if the jury believed that age was a determining factor in the company's decision to discharge her. Finally, Shook has not persuaded us that the district court substantially deviated from the instructions he told the parties he would give or that, if the district court did so deviate, she was prejudiced by that deviation to such an extent that a new trial is warranted.

4

B.

Shook argues that the district court erred when it granted Unimin's motion for judgment as a matter of law on the issue of whether the company had willfully violated the ADEA**3** and that the district court abused its discretion when it excluded, as irrelevant, testimony concerning the behavior of Shook's supervisor, John Edney.**4**

We review the district court's grant of Unimin's motion for judgment as a matter of law <u>de novo</u>, and must determine whether, viewing the evidence in the light most favorable to Shook, "`there [could have] been but one reasonable conclusion as to the verdict.'" <u>Alevromagiros v. Hechinger Co.</u>, 993 F.2d 417, 420 (4th Cir. 1993) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986)). We review the district court's evidentiary rulings only for an abuse of discretion. <u>Herold v. Hajoca Corp.</u>, 864 F.2d 317, 321 (4th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1107 (1989).

We have carefully considered Shook's arguments and have concluded that the district court neither erred nor abused its discretion.

The decision of the district court is accordingly

<u>AFFIRMED</u>.

_____

**3** Shook had sought liquidated damages. The ADEA provides that "liquidated damages shall be payable only in cases of willful violations of this chapter." 29 U.S.C. § 626(b).

**4** Shook wanted to present testimony suggesting that Edney sometimes engaged in bizarre behavior and that, on two occasions, he tried to persuade her to violate company policy in order to give the company a legitimate reason to fire her. Shook contends that the evidence of bizarre behavior was relevant because it indicated that Edney was under stress and might therefore carelessly have made statements that others later attributed to him concerning company plans to terminate Shook because of her age.